

55 E. Monroe St. #3400 Chicago, IL 60603
312-739-2169   pgeraci@geracilaw.com

June 30, 2020

Jennifer Toth Paralegal Specialist
Office of the U.S. Trustee
219 S. Dearborn, Room 873
Chicago, IL 60604 (312) 886-5959 **Jennifer.R.Toth@usdoj.gov**

CC: Brief, Adam (USTP) <Adam.Brief@UST.DOJ.GOV>;
Layng, Pat S. (USTP) <Pat.S.Layng@UST.DOJ.GOV>;
Holtkamp, David (UST) <David.Holtkamp@UST.DOJ.GOV>
Curtis, Nathan   nat@geracilaw.com   Wilson, Alex   alx@geracilaw.com
Parker, Jonathan   par@hgeracilaw.com

re:  your email of June 26, 2020

> **From:** Toth, Jennifer R. (USTP) [mailto:Jennifer.R.Toth@usdoj.gov] **Sent:** Friday, June 26, 2020 12:27 PM
> **To:** ndil <ndil@geracilaw.com>; Nathan E. Curtis <nat@geracilaw.com>
> **Subject:** 20-12304 Brust
>
> Mr. Wilson – Mr. Curtis,
>
> I have reviewed your 2016(b) statement in the above captioned case. Per the 2016(b), you agreed to accept $1,250.00 "for services rendered *or to be rendered* on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case[.]" But your firm received $1,625.00 of which you list $375 as "Post Case-Filing Work Pre-Paid."
>
> Please explain the basis and provide the authority for accepting more payment than you agreed to accept for the case based upon your 2016(b) statement. Also, please explain why the purported pre-payment wasn't disclosed on Schedule A/B as property of the estate, and/or claimed as exempt, if applicable.
>
> Additionally, you filed an amended 2016(b) statement based on a post-petition document. That document says it "is not a new contract for services[.]" Please explain what that means, and when that agreement was entered into.
>
> Please respond no later than July 6, 2020.  Thank you.
>
> If you rather discuss this matter directly with Assistant U.S. Trustee, Adam Brief, you may email him at adam.brief@usdoj.gov.

I do not understand the time limit you have placed on responding nor the immediacy implied in Mr. Brief's request for a July 1 phone conference, but I have done my best to answer your questions:

Page **1** of **4**

**U.S. Trustee's Exhibit N**



55 E. Monroe St. #3400 Chicago, IL 60603
312-739-2169   pgeraci@geracilaw.com

1.  The 2016b form is an official form: FRBP 9009(a) requires the use of the Official Bankruptcy Forms "without alteration" subject to minor exceptions as stated in the Rules or Form Instructions. It covers all fees, whether rendered or to be rendered. Because of the distorted view of debtors' attorney fees resulting from UST lawsuits, especially *Bethea*, we file an initial 2016b and a supplement if a post filing contract is signed, and it is reproduced below.

**SUPPLEMENTAL DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---:|
| For pre-petition legal services, I have agreed to accept: | $1,250.00 |
| Prior to the filing of this statement I have received: | $1,625.00 |
| Balance Due | $0.00 |
| Post Case-Filing Work Pre-Paid: | $375.00 |
| For post-petition legal services, I have agreed to accept: | $1,250.00 |
| Plus reimbursement of filing fee: | $335.00 |
| Prior to the filing of this statement I have received: | $375.00 |
| Balance Due | $1,210.00 |

It is pretty clear, has been used in tens of thousands of cases, if not hundreds of thousands, but it you want some other form please advise how that would comply with the rule, and if every firm is required to use it.

2.  *"please explain the basis and authority for accepting more payment than you agreed to…"*

This assumes that we accepted more payment than we agreed to. That is factually incorrect, and insulting. The 2016 discloses all payments.

3. *"please explain why the purported payment wasn't disclosed.as property of the estate…"*

The use of the word "purported" is not only incorrect, but again, insulting. It means *"appearing or stated to be true, though not necessarily so; alleged"* All payments were not "purported". Perhaps you meant to say "reported". Anyway, the reason the reported payment "wasn't disclosed as property of the estate" is because <u>it was not property of the estate.</u> It was not an interest held by the debtor. Payments to Geraci Law either before or after filing are "flat fees" and become the property of the law firm upon payment, subject only to disgorgement if excessive or for some actual reason. Since the fees were no longer property of the debtor, they are not property of the estate.

The "flat fee" is a type of "advance payment retainer" as defined by IL Rules Prof Conduct 1.15:

**U.S. Trustee's Exhibit N**



55 E. Monroe St. #3400 Chicago, IL 60603
312-739-2169   pgeraci@geracilaw.com

> Advance Payment Retainer. In contrast to the security retainer, the funds paid to the lawyer under this retainer are intended by the client to be present payment to the lawyer in exchange for the commitment to provide legal services in the future. Ownership of this retainer passes to the lawyer immediately upon payment and is generally the lawyer's property and, therefore, may not be deposited in the client trust account
>
> In addition to the three types of retainers described above, Rule 1.15 recognizes fixed fee agreements, also referred to as a "flat" or "lump-sum" fee, where the lawyer agrees to provide a specific service (e.g., 19 | Page defense of a criminal charge, a real estate closing, or preparation of a will or trust) for a fixed amount paid by the client to engage a lawyer at the outset of a matter. Unlike an advance payment retainer, a fixed fee is generally not subject to the obligation to refund any portion to the client; however, a fixed fee is subject, like all fees, to scrutiny and the fee charged must reasonable under the circumstances as set forth in Rule 1.5(a) and any portion of the fee must be refunded to the client under Rule 1.16(d) if retention of the entire fee would be unreasonable and excessive under the circumstances.  https://www.iardc.org/ClientTrustAccountHandbook.pdf

The concept of an advance payment retainer that fixes a flat fee, the payments becoming property of the attorney, may indeed be difficult for the average lawyer to comprehend.  You may rely on my statement (which is not "purported") that the firm, myself, outside counsel, our C.P.A. firm, and others, have studied the IL IN and WI client trust account handbooks, which run from 72-110 pages, to make sure that we comply with Rule 1.15, and that title to advance payment flat fees passes to Geraci Law on payment.  All 3 states are clear that such payments are NOT the client's money and may NOT be deposited in a client trust account.

I will look back and see if I did a CLE on this a few years ago.  Geraci Law is a MCLE provider.  It may be beneficial to open some of our courses to governmental employees.

4.  Finally, I will answer your last question:  *"That document says it "is not a new contract for services[.]" Please explain what that means, and when that agreement was entered into."*

 The answer is, "it says what it means and it means what it says".  It is simply a contract to pay for services we intend to perform whether or not we are paid.  We choose to refuse to take payments for post-petition services after filing without a post filing contract, according to the tortured interpretation of the Code forced upon us.  Even though the U.S. Courts website and the Code are very clear, your office, the UST, and the Courts ignore the code.  The U.S. Courts website states:

> **May the debtor pay a discharged debt after the bankruptcy case has been concluded?**
>
> A debtor who has received a discharge may voluntarily repay any discharged debt. A debtor may repay a discharged debt even though it can no longer be legally enforced. Sometimes a debtor agrees to repay a debt because it is owed to a family

**U.S. Trustee's Exhibit N**



55 E. Monroe St. #3400 Chicago, IL 60603
312-739-2169    pgeraci@geracilaw.com

member or because it represents an obligation to an individual for whom the debtor's reputation is important, such as a family doctor.

https://www.uscourts.gov/services-forms/bankruptcy/bankruptcy-basics/discharge-bankruptcy-bankruptcy-basics

and of course, you are familiar with *11 U.S.C. 524 (f): Nothing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt.*

I hope this answers your questions and we will not be beginning another fruitless odyssey to try to trap us in a net of improper interpretations and conclusions. We are doing our best to deal with the arcane web of contracts and disclosures imposed on us. I truly appreciate the opportunity you provided to inquire about your concerns.

*/s/ Peter F. Geraci*
*Geraci Law L.L.C.*

**U.S. Trustee's Exhibit N**